**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| vs. | 20 CR 280 |
| PARIS MICKLE | Honorable Andrea Wood |

**DEFENDANT MICKLE'S SENTENCING MEMORANDUM**

Background

    The facts of this case are not complicated and illustrate that a spur of the moment bad decision can lead to serious consequences. On the night, June 1, 2020, Defendant was at a friend's house for a barbeque, a short distance from 87th and Cottage Grove Avenue. On that same night Chicago was experiencing its third straight night of civil unrest related to the murder of George Floyd by Minneapolis police. Beginning at approximately 1:45 a.m., on June 2, 2020, a crowd began to gather outside a nearby PNC Bank Branch parking lot where its ATM was located. Over the course of the next 40 minutes this group grew from a few people to over a dozen, including Paris Mickle who by this time had been partying, including the consumption of alcohol and marijuana, for over five hours.

    In the eyes of the government and the Probation Office, what happened in this case is presented as a binary choice between good and bad. But this was not merely people attacking an ATM to steal the cash contained in it. This was part of a protest that turned into a riot and the crowds that

1

gathered in Chicago that night spurred bad judgements by many. Anyone who has read the 1940 novel "The Ox-Bow Incident" has learned that mobs can corrupt a man's judgement, causing him to embrace violence and transgress justice. Sociologists have noted even more as to protests regarding racial issues.[1]

Guidelines

Defendant objects to the application of USSG 2B1.1(b)(16)(B), regarding the use of dangerous weapon. Defendant adopts the comments and rationale set forth in the government sentencing memorandum. R. 77, 4-6.

The PSR states Defendant's criminal history is 5. Defendant suggests that that criminal history of 5 over-represents the seriousness of his criminal history, especially considering what occurred in this case. This case was a snap judgement, fueled by alcohol and a riot. Furthermore, he is assessed 1-point for a marijuana possession charge in 2014, for which he received a

---

[1] "Riots are complex political phenomena whose outbreak is symptomatic of deeper societal problems. Although it is not immediately obvious amid their destruction…these dynamic and fragmented expressions of protest have political significance." Frank Gadinger et al., *Resistance or Thuggery?: Political Narratives of Urban Riots*, 6 Narrative Culture 88, 103 (2019). While criminal damage to property and looting are not legitimate methods of protest, the government's and PSR's view allows no room for nuance or context. Such a view fails to recognize that the very public and brutal **murder** of a Black man by police officers sparked an eruption of years of pain, frustration, and resentment on the part of communities that repeatedly have been marginalized and brutalized by the police and criminal justice system.

sentence of 10 days, "time served." PSR, p. 15. If not for that point, his criminal history would a category 4, not 5.

Both the government and PSR suggest a low end of the guidelines sentence. Both mention the sentencing factors set forth in Title 18 USC 3553(a)(2). The PSR states "both parents were involved in defendant's upbringing", yet in the next sentence states that since the father was imprisoned when Defendant was 14, "defendant is not known to have any father figures/male role models during his adolescence." PSR, Sentencing Recommendation, p. 2. Neither considers that Mr. Mickle, who self-surrendered on March 26, 2021, has now been in the MCC for over eight and a half months and how this fact plays in determining an appropriate sentence. During most of that time the MCC has been in lockdown because of Covid. This means that there have been little or no programs, leaving prisoners to idle away their time doing nothing. In the Circuit Court of Cook County twenty-one (21) defendants charged with burglary, looting and theft have been given probation as was Mr. Mickle's co-defendant. In reviewing the sentences given to the January 6, 2020, rioters, a debate has commenced as what is a severe sentence actually is. One article dated December 11, 2021, in "CNN politics," references many people sentenced to probation and others given sentences ranging from 15 days to 45 days. Giving a sentence of 45 days in jail, Judge Tanya Chutkan stated, "there has to be consequences for participating in an attempted violent overthrow of the

3

government." Those last words are important. Those rioters attempted the violent overthrow of the government, a crime far more serious than an assault on an ATM. Judge Royce Lamberth noted those defendants struck at "the heart of our democracy." Yet the majority have received probation.

Title 18 USC 3553

    Neither the government nor the PSR discusses Paris Mickle's boyhood in its discussion of "the history characteristics" of the defendant. Each repeats the obligatory factors, but neither discusses how they apply in this case. The PSR goes a step further by implying defendant had a normal childhood. In fact, Paris Mickle grew up in dysfunctional family. His mother and father never married. Although he lived with mother most of the time, he bounced around between them and has been on his own since he was 16, about the time his father went to prison. His first arrest came when he 10 years old; he began using marijuana regularly as a boy; he dropped out of CVS High School during his freshman year. A child needs structure and guidance and that appears to have been lacking in Defendant's young life. Paris Mickle did not have this as a boy growing up. He needs it now more than a prison sentence.

    The guidelines address crime generically. They are one size fits all. On the other hand, Title 18 USC §3553(a) requires a sentence tailored to the individual and the facts of each defendant's case. The Supreme Court decisions in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005)

4

and *Gall*, supra., and the wealth of cases that have followed, say courts must treat the guidelines as only one of several factors in fashioning a sentence that meets the statutory purposes of § 3553(a).

In *Nelson v United States*, 555 U.S. 350, 129 S.Ct. 890 (2008) the Court stated the sentence must be "appropriate for *the individual* defendant in light of the statutory sentencing factors, 18 U.S.C. 3553(a)." *Id* (emphasis added). The court's discretion to impose a reasonable sentence is unfettered. *United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006). A reasonable sentence is not necessarily a guidelines sentence. "Appropriate for the individual" means just that.

Defendant's history suggests the court consider a sentence of supervised release and time served. The PSR contains a range of conditions for supervised release. They are set out on pages 29 to 34 in the PSR. They are an outline for how to protect society and guide Mr. Mickle into a fruitful and law-abiding life.

> "The goal of supervision in the federal system … is the successful completion of the period of supervision during which the offender commits no new crimes; is held accountable for victim, family, community, and other court-imposed responsibilities; and prepares for continued success through improvements in conduct and condition. The emphasis on continued success after the period of supervision acknowledges that fostering long-term behavior change is a key … [and] that only through long-term behavior change will we rise to the challenge of protecting the community, even beyond the period of supervision."

Federal Probation Journal, December 2010, Vol. 74, Number 3.

There is nothing to be gained by sentencing Mr. Mickle to more time in prison. His time in the MCC is the equivalent of a much longer sentence. It is almost disingenuous to suggest he will get any treatment or help if given more time in prison.

                                    Respectfully submitted,

                                    MICHAEL B. NASH

650 Dearborn Suite 700
Chicago, Illinois 60654
(312) 420 8788
Attorney for Paris Mickle

## CERTIFICATE OF SERVICE

    I, Michael B. Nash, hereby certify, that I served a copy of this pleading via the court's electronic filing system.

                                    _____
                                    Michael B. Nash

**Michael B. Nash**
53 W Jackson Blvd.
Suite 620
Chicago, Illinois 60603
(312) 236-8788